UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:20-cr-00192-AJT |
| ASHISH SAWHNEY | ) ) ) | |

## MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

NOW COMES Defendant ASHISH SAWHNEY, by and through undersigned counsel, and requests a modification of his conditions of pretrial release to allow him to engage in self-employment as needed to service his company's clients who are using his company's software.

## BACKGROUND

On August 18, 2020, an Indictment was returned against Mr. Sawhney, charging him with conspiracy and certain immigration offenses – focused primarily on allegations of inducing aliens to come to the United States for the purpose of financial gain.  Those charges primarily relate to activities which ended no later than 2016, over four years ago.  *See* Indictment Count One, at ¶ 22 (alleging a conspiracy "[f]rom in and around August 2011 through on or about April 25, 2016"); Count Two, at ¶ 62 (same); Count Three, at ¶ 64 ("[f]rom on or about August 18, 2011, through on or about December 4, 2012"); Count Four, at ¶ 66 ("[f]rom on or about July 30, 2012, through on or about May 8, 2014"); Count Five, at ¶ 68 ("[f]rom on our about August 7, 2014, through on or about April 22, 2015").  While Count Six does charge him in connection with a more recent naturalization application that Mr. Sawhney submitted on his own behalf (on January 5, 2019), *see id.* ¶ 77, that charge too looks back many years to Mr. Sawhney's earlier activities, which Count Six then claims he failed to accurately describe.  *See id.* at 77 a-e.

1

Since Mr. Sawhney has no prior criminal record and perhaps in light of the fact that these charges did not allege more recent criminal conduct, this Court decided to release Mr. Sawhney on a personal recognizance bond on August 21, 2020.  *See* Docket 20 & 21.  As a condition of that bond, this Court stated: "no self employment and all employment to be approved in advance by PTS," and "notify current employer of the charged offense."  Mr. Sawhney was then released.

Since that time, Mr. Sawhney did notify his employer, and then lost that job.  He subsequently applied for other employment and was able to secure a new IT position from a different company after obtaining prior approval from his pretrial officer.  He is currently employed, and otherwise continues to fully comply with all provisions of this Court's bond.

Recently, however, Mr. Sawhney has also been approached by one or more previous customers of his company, Business Pointers Inc. ("Business Pointers").  Business Pointers, owned by Mr. Sawhney, sold SAP-type software that Mr. Sawhney had developed to various businesses.  As questions or glitches have developed, several of those business customers have recently reached out to Mr. Sawhney, seeking his help with fixes, since their own third-party businesses may be negatively impacted by such software problems.  Because this is custom software, it is not something third parties can easily fix.  Accordingly, this motion is being filed.

Prior to filing this motion, Mr. Sawhney's counsel approached the Government to see if this issue might be worked out by consent.  Undersigned counsel advised the Government that, in light of the present charges, Mr. Sawhney was amenable to a limited modification in which only Mr. Sawhney would do this work himself.  In other words, not only would Mr. Sawhney agree that he would not seek to hire any H-1B workers to perform these services, but also he would not hire any other employees at all, if the Government insisted on that.  Moreover, defense counsel also expressed a willingness to consider any other conditions the Government suggested.

The Government considered this request but advised counsel yesterday that it will not consent to a modification of Mr. Sawhney's bond conditions. It stated generically that "Any condition imposed to ensure that the defendant does not continue to engage in fraud through his company(ies) would be difficult to enforce and, therefore, the government does not consent to a modification of his conditions of release as to this issue." Accordingly, this motion is now filed.

## ARGUMENT AND CITATION OF AUTHORITIES

This case is governed by the Bail Reform Act, as codified at 18 U.S.C. § 3142. Consistent with the presumption of innocence, that Bail Reform Act creates a presumption of pretrial release in most cases, and also imposes on this Court a general obligation under § 3142(c)(1)(A) to impose the "least restrictive … conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Mr. Sawhney came to the United States in 1999 – over twenty years ago – to attend (and later attain a M.S. in Industrial and Systems Engineering from) Ohio State University. He later stayed, worked at IBM and in other businesses, got married, and built a life, with a son who is a U.S. citizen and now a high school student. Before these charges, Mr. Sawhney lived peacefully without incident. Since the charges, he has complied in all respects with his conditions of bond. And even as to the charges themselves, they arise primarily from activities over four years old.

Any notion that Mr. Sawhney will somehow "continue to engage in fraud," or that this requested modification must be denied based on some generic concern that any new conditions imposed may be "difficult to enforce" does not withstand scrutiny. Mr. Sawhney is well-aware of the risks to himself and his family (not to mention case preparation) he might face if he failed to comply with his conditions bond. Indeed, that is why he has approached this Government,

3

and now this Court, for modification prior to engaging in these requested activities. And as the Indictment confirms, allegations of fraudulently using H-1B workers ended over four years ago.

The risks of harm to unrelated third-party businesses must also properly be considered. Those third-party businesses have no possible culpability in this predicament; they previously purchased Business Pointers's software at a time prior to these charges being filed, and now need help in servicing that software, lest their own businesses suffer. While the defense does not wish to place those emails on the public docket, undersigned counsel can produce at the upcoming hearing sample(s) of such customers reaching out, to confirm that request(s) for such service have recently been sent to Mr. Sawhney by Business Pointers customers. The software they purchased is also proprietary to Business Pointers, and thus not easily serviced by other vendors; moreover, Business Partners holds service contracts to perform such work. Because third parties face serious negatively potential impact from this bond condition, this too supports modification.

The defense is not unmindful of Government concerns that could arise in this context, and defense counsel attempted to find a solution that would be acceptable to the Government. At this point, however, with the Government refusing any such modifications, Mr. Sawhney must ask this Court for a ruling on his request to modify his bond conditions. These prior Business Pointers customers need service on their software soon and cannot wait any longer. The public will benefit, rather than being disserved, by Mr. Sawhney being able to service these business customers using the software he developed, and the parameters of that work can be tailored as needed to satisfy any legitimate concerns the Government may have about such work. Mr. Sawhney remains open to any such conditions this Court feels are necessary, including certainly avoiding use of any H-1B workers, and even performing all such work himself (rather than hiring any other individuals), if this Court feels that more stringent condition is also necessary.

WHEREFORE, consistent with § 3142(c)(1)(A)'s obligation to impose the "least restrictive … conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community," Mr. Sawhney's current bond should now be modified to allow him to engage in self-employment as appropriate to service his Business Pointers software customers as noted.

Dated: October 7, 2020                              Respectfully submitted,

                                                                /s/ Gregory S. Smith
Gregory S. Smith (Va. State Bar #90398)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Facsimile: (202) 330-5229
Email: gregsmithlaw@verizon.net

*Counsel for Ashish Sawhney*

## CERTIFICATE OF SERVICE

I hereby certify on October 7, 2020 that a copy of the foregoing is being served on all parties automatically, through their counsel of record in this case, via this Court's Electronic Case Filing (ECF) system.

                                                                /s/ Gregory S. Smith
Gregory S. Smith