# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHISH SAWHNEY,<br><br>    Defendant. | Criminal No. 1:20-CR-192<br><br><br>The Hon. Anthony J. Trenga |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney, Raizza K. Ty and Ronald L. Walutes, Jr., Assistant United States Attorneys, hereby files this response in opposition to the defendant's Motion to Modify Conditions of Pretrial Release. Because the defendant's position as the owner of his company enabled him to perpetuate the fraud scheme alleged in the pending Indictment, and for the reasons set forth below, the United States respectfully requests that the Court deny the defendant's motion.

## BACKGROUND

On August 18, 2020, a federal Grand Jury returned an Indictment charging the defendant with immigration-related offenses, including conspiracy to commit visa fraud, and encouraging and inducing aliens to come to the United States in violation of law. Dkt. No. 1. Specifically, the Indictment alleges that the defendant has acted as the Director, authorized agent, and/or Information Technology (IT) Director of Value Consulting, LLC., E-Train ERP, Inc., Value Software Products, Inc., and more importantly, for purposes of this motion, Business Pointers,

Inc. ("Business Pointers"). *Id.* ¶ 18. In his role, the defendant oversaw the process for and caused the submissions of fraudulent H-1B visa petitions, which are typically filed in support of a program primarily reserved for U.S. companies who would like to hire skilled, foreign workers to address their temporary business needs. *See* Dkt. No. 1 ¶¶ 4, 22. As further alleged in the Indictment, the H-1B visa application paperwork the defendant's companies, including Business Pointers, filed with both the U.S. Department of Labor and U.S. Citizenship and Immigration Services contained false information including, among other things, the company's immediate need to fill a skilled position at a specified location. As part of the fraud scheme, co-conspirators induced from foreign workers the payment of fees, often up to several thousands of dollars – fees that immigration regulations prohibit from passing onto prospective foreign worker employees.

At the defendant's detention hearing on August 21, 2020, the Honorable John F. Anderson ordered the defendant released on certain conditions pending trial. Dkt. Nos. 20-21. Among those conditions was a restriction on the defendant's self-employment, as well as a requirement that any employment must be approved in advance by Pretrial Services. *Id.* ¶ 7(s). The defendant is now seeking a modification to the conditions of his release.

## ARGUMENT

The relevant provisions of the Bail Reform Act provide that if a judicial officer determines that the defendant's release on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer may" subject the defendant "to the least restrictive further condition" as required. 18 U.S.C. § 3142(c)(1). Such conditions may include ordering the defendant to maintain employment, if he is employed, or "satisfy any other

2

condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(xiv).

In this case, there is a reasonable relationship between the occupation and the charged offenses – it was the defendant's role as the company owner and IT Director that enabled him to commit the offense. Courts routinely uphold employment restrictions, including those covering an industry, when the employment and the underlying criminal offense are closely tied. *See United States v. Starkes*, 400 F. Appx. 788, 791 (4th Cir. 2010) (affirming the district court's order imposing a special condition on a term of supervised probation prohibiting her from employment in the human resources industry as her position as an HR manager permitted and facilitated her fraud); *United States v. Cardine,* 192 Fed. Appx. 241 (4th Cir. 2006) (approving the district court's imposition of a condition barring defendant from seeking employment in the equestrian industry when defendant's prior "employment in the equestrian industry allowed him to accomplish his crime"); *United States v. Smith*, 445 F.3d 713, 717-19 (3d Cir. 2006) (upholding employment restriction barring defendant from working for a law firm or legal entity given lengthy history of preparing fraudulent documents); *United States v. Carlson*, 406 F.3d 529, 532 (8th Cir. 2005) (affirming restriction on defendant working in the medical field after defendant used his position as a physician's assistant to obtain fraudulent prescriptions on hundreds of occasions); *United States v. Choate*, 101 F.3d 562 (8th Cir. 1996) (affirming restriction on self-employment for defendant who ran a series of sham businesses and "demonstrated that he is given to excesses of salesmanship that tend to creep up in business after business").

But this Court did not go so far as to restrict the defendant from employment in an entire industry. Even now, the defendant is continuing to work in an approved IT services position.

The focus here was to impose the "least restrictive" condition, and that was to bar the defendant from engaging in self-employment based on the relevant offenses with which he is charged. At the detention hearing, the Court properly imposed reasonable conditions of release at the recommendation of pretrial services – without objection from the defendant. Since then, however, former counsel for the defendant initially indicated to the government that the defendant had lost his job with his employer following his arrest, and that he was seeking a modification since "self-employment was likely the only employment he could obtain in [his] field." Further, the defendant proposed to be the sole employee of Business Pointers and would work to develop his software and market and sell it, in addition to providing IT support to companies. On or about September 22, 2020, the government advised former defense counsel that because Business Pointers was specifically named in the Indictment as having allegedly submitted fraudulent visa petitions on behalf of foreign nationals seeking work where ultimately no jobs existed with the company, the government cannot ensure the veracity of the work the defendant will purportedly engage in, which makes creating specific conditions to allow such self-employment difficult.

Subsequently, the defendant retained new counsel, who advised the government that the defendant's desire to continue his work with Business Pointers was not due to financial need. Indeed, as the defendant stated in his motion, he has secured new employment within the IT field. Def. Mot. at 2. However, on or about October 6, in an effort to consider the defendant's renewed request, the government discussed with the Probation Office the types of possible conditions that may be imposed to address the government's concern of the defendant being in a position that enables him to perpetuate fraud. As the government understands, it would take an extraordinary amount of resources for the Probation Office to keep track of the defendant's

clients, follow up to ensure the defendant is working on only the scope of work authorized by the Court, and to confirm the defendant is not using his role to apply for or direct others to sponsor foreign national workers who are seeking a visa. Such demands would put the Probation Office in a difficult position to assess the nature of the defendant's work within a specialized field that the Probation Office may not be familiar with.

Furthermore, the defendant's scheme involved inducing foreign workers to pay thousands of dollars to his companies in exchange for the filing of an H-1B visa application. Ensuring the defendant is not in a position of self-employment that could lead to further fraud is the least restrictive condition to protect the community from pecuniary or economic harm. *See United States v. Gill*, 2008 WL 2120069, at *3 (E.D. Cal. May 20, 2008) (quoting *United States v. Reynolds*, 956 F.2d 192–93 (9th Cir.1992) (ruling in a violation of pretrial release hearing that "danger may, at least in some cases, encompass pecuniary or economic harm")); *United States v. Madoff*, 586 F.Supp.2d 240, 253 (S.D.N.Y.2009) ("The Court recognizes ... that there is jurisprudence to support the consideration of economic harm in the context of detention to protect the safety of the community").

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to deny the defendant's motion to modify his conditions of release.

                G. Zachary Terwilliger
                United States Attorney

By: ___/s/_____
     Raizza K. Ty
     Ronald L. Walutes, Jr.
     Assistant United States Attorneys

United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax:    (703) 299-3980
Email: raizza.ty@usdoj.gov

**Certificate of Service**

I hereby certify that on October 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:          /s/         
Raizza K. Ty
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: raizza.ty@usdoj.gov